# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

C/A #

| | |
|---|---|
| Marion Fowler, Esq. as Guardian ad Litem for Jefferey L. Vanderhall, Assignee,<br><br>Plaintiff,<br><br>Vs.<br><br>State Farm Mutual Automobile Insurance Company,<br><br>Defendant. | **COMPLAINT**<br>**(For Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, Negligence, and Attorney's Fees)**<br><br>(Jury Trial Requested) |

The Plaintiff, complaining of the Defendant herein, alleges:

1. That the Plaintiff is a resident and citizen of the County of Florence, State of South Carolina and is the duly qualified and appointed Guardian *ad Litem* for Jefferey L. Vanderhall, an incompetent person.

2. That the Defendant, State Farm Mutual Automobile Insurance Company, is a property and casualty insurer with its principal place of business in Illinois and is qualified to sale property and casualty insurance within the State of South Carolina and does, in fact, transact business in this State.

3. That the Plaintiff received an Assignment from Maurice Wilson and Priscilla J. Ford by virtue of a Settlement Agreement entered in the matter of Marion Fowler, Esq. as Guardian ad Litem for Jefferey L. Vanderhall vs. Maurice Wilson and Priscilla J. Ford, commenced in the Florence County, South Carolina Court of Common Pleas bearing C/A # 2011-CP-21-2555; that said Settlement Agreement assigns

1

      any and all claims which Maurice Wilson and Priscilla J. Ford have against the above named Defendant by virtue of its handling and adjustment of the Plaintiff's claim against them in the underlying tort action.

4. That on or about August 21, 2011, Jefferey L. Vanderhall suffered catastrophic bodily injuries while he was riding a bicycle when it was struck by a vehicle driven by Maurice Wilson and owned by his grandmother, Priscilla J. Ford; that this vehicle was insured under a policy of automobile insurance written by the Defendant bearing policy # 409 9386-F15-40A.

5. That on or about September 27, 2011, Jefferey L. Vanderhall commenced an action in the Court of Common Pleas of Florence County, South Carolina styled Jefferey L. Vanderhall vs. Maurice Wilson and Priscilla J. Ford, C/A #2011-CP-21-2555.

6. Thereafter, the Defendant hired the law firm of Thompson & Henry, P.A., and its attorney, Linda Weeks Gangi, made an appearance on behalf of Maurice Wilson on March 26, 2012. Prior thereto, Maurice Wilson and Priscilla J. Ford were represented by the law firm of Aiken Bridges and its attorney, James M. Saleeby, Jr.

7. That after the commencement of the litigation by Jefferey L. Vanderhall, the parties engaged in discovery, interrogatories were submitted and answered, requests for production of records were submitted and responded to, and depositions were obtained; that during the course of the litigation Thompson & Henry, P.A. provided discovery requests and responses received from the

Plaintiff's attorney to employees of the Defendant who monitored the progression of the litigation.

8. That as the litigation in the underlying claim progressed the following claim representatives of the Defendant reviewed and monitored the litigation: Brian Allain, CPCU; Cherri Williams, Auto Claims Section Manager, CPCU, CLU, Master's OD; Charles Boyd; Auto Claim Team Manager; Richard J. Leigh; Joan Bohnhoff; and Don Gilbert Lusk, Claim Consultant.

9. That during the course of the underlying litigation the Defendant was provided with Jefferey L. Vanderhall's medical records from McLeod Regional Medical Center, Regency Hospital, and the Shepherd Center, as well as records from Jefferey Vanderhall's treating physicians, therapists, and surgeons.

10. That by letter dated August 15, 2013, attorney, Linda Weeks Gangi, submitted a rough draft of a Settlement Agreement, Assignment of Bad Faith, Covenant Not to Execute, and Confession of Judgment to Plaintiff's counsel, James M. Saleeby, Jr., as attorney for Priscilla J. Ford, with copies directed to Pam Fuller and Brian Allain with State Farm (Exhibit "A").

11. By letter dated October 9, 2013 from attorney, Linda Weeks Gangi, to Plaintiff's counsel and attorney, James M. Saleeby, Jr., with copies to Timothy A. Domin of the Claussen & Staubes law firm, as well as Pam Fuller and Brian Allain at State Farm, one revision was suggested to the proposed settlement documents to reflect that "the Plaintiff alleges that Maurice Wilson was the driver of the vehicle". (See Exhibit "B").

12. That during the course of discovery in the underlying litigation, the Defendant received a Preliminary Life Care Plan prepared by Linda C. Westman, RN, BS, LNCC, CNLCP dated October 29, 2012 regarding the future care of Jefferey L. Vanderhall (See Exhibit "C"); that the Defendant was also provided with a Preliminary Appraisal of the Future Medical Care Costs for Jefferey L. Vanderhall prepared by Dr. Oliver G. Wood, Jr. on November 7, 2012.  (See Exhibit "D). That Exhibits "C" and "D" were received by the Defendant from its attorneys and included within the claim file relating to the underlying litigation.

13. That by Settlement Agreement dated November 6, 2013 between Jefferey L. Vanderhall as Plaintiff and Maurice Wilson and Priscilla J. Ford as Defendants, Maurice Wilson and Priscilla J. Ford executed a Confession of Judgment, a Covenant Not to Execute, and an Assignment of All Bad Faith Claims which he had against the Defendant.  That said Agreement provided in relevant part that "Maurice Wilson and Priscilla J. Ford shall have no personal financial responsibility to the Plaintiff, Jefferey L. Vanderhall, as a result of the August 21, 2011 automobile/bicycle accident"; that said Agreement further provided that "It is the express intent of the parties that Maurice Wilson and Priscilla J. Ford their heirs and assigns shall never at any time be liable (to) Jeffrey L. Vanderhall, his subrogees, heirs and assigns….shall not at any time nor shall anyone for him or on his behalf enforce against Maurice Wilson or Priscilla J. Ford by execution or otherwise the Confession of Judgment executed herewith".  (See Exhibit "E").

14. Thereafter, Jefferey L. Vanderhall, as assignee of Maurice Wilson and Priscilla J. Ford, filed suit against the Defendant in Common Pleas Court, Florence County,

South Carolina in an action, C/A #2014-CP-21-300, on February 4, 2014; thereafter, the Defendant filed its Notice of Removal to the United States District Court Florence Division and filed its Answer dated February 26, 2014 alleging, among other things, "State Farm reached a Settlement Agreement with the party suing its insured which protected the personal assets of the insured and State Farm thereby complied with any duty owed to its insured." (See Exhibit "F").

15. Thereafter, on June 5, 2015 Plaintiff's attorney filed a Conditional Motion to Set Aside the Settlement and Judgment, appoint a Guardian *ad Litem* and place the case on the active roster. (See Exhibit "G").

16. By Order dated June 14, 2016 the trial court set aside the settlement and judgment and appointed a Guardian *ad Litem* and restored the case to the active roster for trial. (See Exhibit "H").

17. Thereafter, during a scheduled term of Common Pleas Court in Florence County, South Carolina, a jury was selected and trial commenced in the action styled Marion Fowler, Esq. as Guardian ad Litem for Jefferey L. Vanderhall vs. Maurice Wilson and Priscilla J. Ford and a verdict was rendered in favor of the Plaintiff as to Maurice Wilson and Priscilla J. Ford and after an Allocation of Damages determination by the jury, Maurice Wilson was allocated seventy (70%) percent of the actual damages awarded and Priscilla J. Ford was allocated thirty (30%) percent of the actual damages awarded. (See Exhibit "I").

18. The jury in the underlying action returned a verdict for actual damages in the amount of Fifteen Million ($15,000,000) Dollars as to Maurice Wilson and

5

Priscilla J. Ford and Sixty Million ($60,000,000) Dollars in punitive damages as to Maurice Wilson. (See Exhibit "J").

19. That a judgment on the verdict as to Maurice Wilson and Priscilla J. Ford was entered by the Clerk of Court dated April 11, 2017 (See Exhibit "K").

## FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

20. That the Plaintiff incorporates each and every material allegation set forth above as if fully set forth herein.

21. That the Defendant and Priscilla J. Ford entered into a policy of automobile insurance, a copy of which is attached as Exhibit "L" and incorporated herein by reference. That Maurice Wilson was an insured under said policy of insurance.

22. That said policy of insurance provides in part the following:

    "2. **We** have the right to:

    (a). Investigate, **negotiate**, and **settle** any claim or lawsuit;"

23. That the Defendant breached said contract of insurance by failing to obtain an enforceable and binding settlement between Jefferey L. Vanderhall and Maurice Wilson and Priscilla J. Ford because of its failure to obtain a Guardian *ad Litem* for Jefferey L. Vanderhall pursuant to SCRCP 17(d)(6) and obtain court approval of the Settlement Agreement dated November 6, 2013 (See Exhibit "E").

24. That had a Guardian *ad Litem* been appointed for the benefit of Jefferey L. Vanderhall and subsequently approved by the court, the Settlement Agreement dated November 6, 2013 (See Exhibit "E") would have been final and binding and protected Maurice Wilson and Priscilla J. Ford from any personal financial liability to Jefferey L. Vanderhall.

25. That as a direct and proximate result of the Defendant's breach of contract, the Plaintiff has suffered liquidated damages in the amount of Seventy-Five Million ($75,000,000) Dollars, interest at the current legal rate of 0.075% compounded annually from the date of said judgment, April 11, 2017, as well as pre-judgment interest.

### FOR A SECOND CAUSE OF ACTION
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

26. That the Plaintiff incorporates each and every material allegation set forth above as if fully set forth herein.

27. That the Defendant has wrongfully and in breach of its implied duty of good faith and fair dealing with its insureds, Maurice Wilson and Priscilla J. Ford, acted wrongfully and unreasonably, in failing to settle with finality the bodily injury claim of Jefferey L. Vanderhall in the underlying tort action when it had an opportunity to do so and thus protect Maurice Wilson and Priscilla J. Ford from exposure to an excess verdict.

28. That as a direct and proximate result of the conduct of the Defendant, the Plaintiff has suffered actual damages in the sum of Seventy-Five Million ($75,000,000) Dollars, post-judgment interest at the rate of 0.075% beginning April 11, 2017, and pre-judgment interest.

29. That the Plaintiff is further informed and believes that he is entitled to an award of punitive damages by virtue of the reckless, willful, wanton, unlawful and intentional conduct of the Defendant.

7

## FOR A THIRD CAUSE OF ACTION
### (Negligence)

30. That the Plaintiff incorporates each and every material allegation set forth above as if fully set forth herein.

31. That the Defendant owed a duty of care to Maurice Wilson and Priscilla J. Ford by virtue of the contract of insurance and by failing to appoint a Guardian *ad Litem* for Jefferey L. Vanderhall pursuant to SCRCP 17(d)(6) and obtain court approval of the Settlement Agreement dated November 6, 2013, the Defendant acting through its agents, servants, and employees did breach its duty of care to Maurice Wilson and Priscilla J. Ford.

32. That as a direct and proximate result of the Defendant's negligent, reckless, willful, and wanton conduct, the Plaintiff has been damaged in the sum of actual damages of Seventy-Five Million ($75,000,000) Dollars, post-judgment interest at the rate of 0.075% beginning April 11, 2017, and pre-judgment interest.

## FOR A FOURTH CAUSE OF ACTION
### (Attorney's Fees)

33. That the Plaintiff incorporates each and every material allegation set forth above as if fully set forth herein.

34. That the Plaintiff is informed and believes that he is entitled to an award of attorney's fees for the prosecution of this action.

**WHEREFORE**, Plaintiff prays judgment against the Defendant for actual damages in the sum of Seventy-Five Million ($75,000,000) Dollars, pre-judgment and post-judgment interest, an award of punitive damages, attorney's fees, and for such other and further relief as this court deems just and proper.

Florence, South Carolina         s/William P. Hatfield
                                 **WILLIAM P. HATFIELD,**
April 26, 2017                   Attorney for Plaintiff
                                 SC Bar No. 2840
                                 **HATFIELD TEMPLE, LLP**
                                 170 Courthouse Square
                                 Post Office Box 1770
                                 Florence, SC  29503-1770
                                 (843) 662-5000
                                 wphatfield@htlawsc.com