IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
RECEIVED CLERK'S OFFICE 2017 OCT 20 A 8: 27 DISTRICT OF SOUTH CAROLINA CHARLESTON, SC

| | |
|---|---|
| Marion Fowler, Esq., *as Guardian ad Litem for Jefferey L. Vanderhall, Assignee*,<br><br>Plaintiff,<br><br>v.<br><br>State Farm Mutual Automobile Insurance Company,<br><br>Defendant. | Civil Action No. 4:17-1081-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on Plaintiff's motion for judgment on the pleadings (Dkt. No. 20) and Defendant's motion for judgment on the pleadings (Dkt. No. 21). For the reasons set forth below, the Court denies Plaintiff's motion for judgment and grants Defendant's motion for judgment.

**I.   Background**

On August 21, 2011, Jefferey Vanderhall was returning from his job at Homes Motor Lodge in Florence, South Carolina, when he was struck while riding his bicycle by a truck driven by Maurice Washington. *Vanderhall v. State Farm Mut. Auto. Ins. Co.*, 4:14-cv-518-RMG, Dkt. Nos. 61-2 at 2; 75 at 3. Mr. Vanderhall suffered severe injuries from the collision and was unconscious for approximately a week after the accident. On August 23, 2011, Mr. Vanderhall's mother, Teresa Vanderhall, contacted the Hyman Law Firm and a member of the firm came to Mr. Vanderhall's hospital room. *Vanderhall*, Dkt. No. 78 at 2. Mr. Vanderhall underwent surgery on that day and remained unconscious. *Id.* The law firm took a picture of Mr. Vanderhall in his hospital bed to document "the severity of his injuries." *Id.* That same day, Teresa Vanderhall executed a retainer agreement with the Hyman Law Firm on behalf of Jefferey Vanderhall,

indicating that she was the "GAL for Jefferey." *Id.* At the time, Teresa Vanderhall had not been appointed guardian ad litem for Jefferey Vanderhall, who (being unconscious) was an incapacitated person under South Carolina law. *Id.*

One day later, on August 24, 2011, William Hatfield, then an attorney with the Hyman Law Firm, wrote Defendant State Farm Insurance Company regarding Mr. Vanderhall. Mr. Hatfield indicated that his firm "represents Jefferey L. Vanderhall" and that Mr. Vanderhall had suffered a severe spinal cord injury from being struck by a vehicle operated by Maurice Washington and owned by its insured, Priscilla J. Ford. *Id.* Mr. Hatfield's letter stated he would give the carrier "one opportunity to settle this claim by tendering . . . liability limits in exchange for a Covenant Not to Execute provided that said tender is made in writing on or before Friday, September 2, 2011, at noon." *Id.* at 3. Mr. Hatfield explained that if State Farm refused to tender its limits by the stated deadline, the offer would be withdrawn and Mr. Vanderhall would proceed to sue Maurice Washington for negligence and Priscilla Ford for negligent entrustment. *Id.*

State Farm responded to Mr. Hatfield's August 24, 2011 letter on September 1, 2011, indicating it was "willing to settle your client's claim for $25,000 [the policy limit] in exchange for a covenant not to execute." *Id.* The letter then stated, "This settlement is inclusive of all economic damages, known and unknown, and any liens, assignments or statutory rights of recovery." That language is standard language in settlement agreements and covenants not to execute in South Carolina. *Id.*

Plaintiff asserted the additional language proposed constituted a counter offer and a rejection of Plaintiff's August 24, 2011 offer. *Id.* On September 27, 2011, he sued Maurice Washington and Priscilla Ford in the Florence County Court of Common Pleas. *Vanderhall v. Wilson*, 2011-CP-21-2555. Thereafter, on November 6, 2013, Plaintiff entered into an agreement

-2-

with Mr. Washington and Ms. Ford that provided (1) a confession of judgment of $7 million; and (2) a covenant not execute against Mr. Washington and Ms. Ford beyond the policy limits, which also provided for their protection from any liens or other claims by third parties. *Vanderhall*, Dkt. No. 1-1 at 11–13. Plaintiff, as an assignee of Mr. Washington and Ms. Ford, again filed suit in the Florence County Court of Common Pleas, this time against State Farm for claims of breach of the implied covenant of good faith and fair dealing, breach of contract, and related claims. *Vanderhall v. State Farm Mut. Auto. Ins. Co.*, 2014-CP-21-300.

Defendant thereafter timely removed the action and moved for summary judgment. This Court granted summary judgment for Defendant on March 30, 2015. The Court held (1) that Mr. Hatfield's settlement offer of August 24, 2011 was a legal nullity that cannot constitute a basis for a bad faith claim because Mr. Hatfield had no authority to act on behalf of Mr. Vanderhall at that time, because Mr. Vanderhall was then an unconscious person and Ms. Vanderhall was not his guardian ad litem, and (2) that, even if the settlement offer were valid, Defendant's response to the offer could not constitute bad faith as a matter of law. *Vanderhall*, Dkt. No. 78. Plaintiff appealed.

Meanwhile, on June 5, 2015, in his suit against Mr. Washington and Ms. Ford still pending in the Florence County Court of Common Pleas, Mr. Hatfield on behalf of Plaintiff filed a conditional motion to set aside the settlement and $7 million confessed judgment, to appoint a guardian ad litem for Mr. Vanderhall, and to place Mr. Vanderhall's suit against Mr. Washington and Ms. Ford on the active roster, in the event this Court's order were affirmed on appeal. (Dkt. No. 1-8.) Mr. Hatfield's motion for appointment of a guardian ad litem represented that it was made because "the Honorable Richard Gergel ruled that Vanderhall lacks the capacity to sue without a guardian ad litem or settle without court approval." (*Id.*) It did not disclose that the basis for that ruling was Mr. Vanderhall's one-week period of unconsciousness two-and-a-half

years before the motion for appointment of a guardian ad litem. While Mr. Hatfield's motion for appointment of a guardian ad litem for Mr. Vanderhall was pending in state court, in his appeal of this Court's order granting of summary judgment for State Farm on Plaintiff's bad faith claim, Mr. Hatfield represented to the Fourth Circuit that "there is no evidence that Vanderhall lacks the capacity to contract. Now that this is cleared up, Vanderhall asks that this Court accept Vanderhall's undisputed capacity to contract." (Dkt. No. 21-2 at 11 (reply brief of appellant filed on July 13, 2015 in *Vanderhall v. State Farm Mut. Auto. Ins. Co.*, 632 F. App'x 103 (4th Cir. 2015)) (citation omitted).)

The Fourth Circuit affirmed the final judgment of this Court on December 5, 2015. *Vanderhall*, 632 F. App'x at 104. The Fourth Circuit noted,

> Vanderhall suggests in his brief that the district court considered that his incapacity was due to his slight brain damage or mild retardation; however, our reading of the district court's order reveals no indication that it was relying on any condition or period of time other than the time Vanderhall was unconscious and in a coma.

*Id.* at n.1. Shortly thereafter, in January 2016, Mr. Hatfield retained psychologist Alexis Sanders to evaluate Mr. Vanderhall's mental competence to support of his state-court motion for appointment of a guardian ad litem. (Dkt. Nos. 39-1 ¶ 7, 1-9 at 3.) Dr. Sanders found that Mr. Vanderhall's intellectual function was "Extremely Low," a finding consistent with Mr. Vanderhall's school records. (Dkt. No. 1-9 at 3.) On June 14, 2016, the Court of Common Pleas granted Plaintiff's motion to set aside the 2013 settlement agreement and to appoint a guardian ad litem, finding that Mr. Vanderhall is (and has been since birth or early childhood) mentally incompetent and that his incompetence rendered the 2013 settlement agreement void. (Dkt. No. 1-9 at 4.)

The case then proceeded to a jury verdict on April 11, 2017. Plaintiff was awarded $15,000,000 in actual damages and $60,000,000 in punitive damages. (Dkt. No. 1-11.) A day

earlier, Plaintiff and Mr. Wilson entered into an agreement in which Mr. Wilson assigned his claims against Defendant to Plaintiff, who agreed not to enforce collection of a judgment against Mr. Wilson. (Dkt. No. 24-1.) Plaintiff and Ms. Ford had already entered into a similar agreement on August 11, 2016. (Dkt. No. 24-2.)

On April 26, 2017 (two weeks after the jury verdict), Plaintiff, again an assignee of Mr. Wilson and Ms. Ford, filed the present action in the Florence Division. The parties are the same, the attorneys are the same, and the claims are the same as the previous bad faith action against State Farm, except that Plaintiff asserts a negligence claim that is identical to the bad faith claim. (Dkt. No. 1.) Plaintiff however has a new theory of the case. Plaintiff asserts State Farm breached its duty of care to its insureds by failing to seek appointment of a guardian ad litem for Plaintiff. (Dkt. No. 20-1 at 2.) Plaintiff asserts State Farm had a duty to settle the claims against its insureds but failed to take action necessary to secure an enforceable settlement.

Plaintiff did not disclose that this case is related to *Vanderhall*, 4:14-cv-518-RMG, as required by Local Rule 26.01. State Farm moved to transfer the case from Judge R. Bryan Harwell in the Florence Division to the Charleston Division. Judge Harwell granted the motion, ruling, "No reasonable argument can be made that disclosure should not have been made." (Dkt. No. 18.) The parties then filed cross-motions for judgment on the pleadings. (Dkt. Nos. 20, 21.) This Court held a hearing on the motions on October 12, 2017. During that hearing, Mr. Hatfield stated that by 2013 he never had significant interaction with his client, Mr. Vanderhall, whom he had then represented for over two years.

> THE COURT: And you, by 2013, you had had multiple occasions to interact with Mr. Vanderhall?
>
> MR. HATFIELD: No, sir. No, we did not. You know, he was a quadriplegic. His mother, Theresa Vanderhall, was actually our go between.

-5-

> As you remember from the—I'll call it the Vanderhall State Farm[—]I, Miss Vanderhall was the one who engaged us shortly after the accident. And our dealings were solely with her.

(Dkt. No. 38 at 3–4.)

> THE COURT: Mr. Hatfield . . . Answer my question yes or no. Were you satisfied he was competent?
>
> MR. HATFIELD: I had a good faith belief that he was, because I dealt with his mother. But that was the basis of my good faith, is dealing with his mother.

(*Id.* at 14–15.) Shortly thereafter, on October 17, 2017, Mr. Hatfield filed an affidavit in support of Plaintiff's motion for judgment, "to clarify certain answers that I gave to the Court during the hearing held on October 12, 2017." (Dkt. No. 39-1 ¶ 1.) In that affidavit, Mr. Hatfield avers that he "should have further investigated Jefferey's mental status before the November 2013 settlement agreement was reached and should have had the matter court approved" and that, in Mr. Hatfield's opinion, a jury could find his representation of Mr. Vanderhall therefore was negligent, but that State Farm was equally negligent. (*Id.* ¶¶ 9, 11.)

## II. Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Rule 12(c) motions "dispose of cases in which there is no substantive dispute that warrants the litigants and the court proceeding further." *Lewis v. Excel Mech., LLC*, 2:13-CV-281-PMD, 2013 WL 4585873 at * 1 (D.S.C. Aug. 28, 2013) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1368 (3d ed. 2010)). A judgment on the pleadings is only warranted if "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Id.* at * 2 (quoting *Park Univ. Enters. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006)).

Rule 12(c) motions limit the court's review to the pleadings, *Abell Co. v. Balt. Typographical Union No. 12*, 338 F.2d 190, 193 (4th Cir. 1964), and "any documents and exhibits attached to and incorporated into the pleadings," *Lewis*, 2013 WL 4585873 at * 1 (citing *Eagle Nation, Inc. v. Mkt. Force, Inc.*, 180 F. Supp. 2d 752, 754 (E.D.N.C. 2001)). Like motions filed under Rule 12(b)(6), motions pursuant to Rule 12(c) call for the pleadings to be construed in the light most favorable to the non-moving party. *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002). Accordingly, "[t]he court must accept all well pleaded factual allegations in the non-moving party's pleadings as true and reject all contravening assertions in the moving party's pleadings as false." *Lewis*, 2013 WL 4585873, at * 2 (quoting *John S. Clark Co., Inc. v. United Nat'l Ins. Co.*, 304 F. Supp. 2d 758, 763 (M.D.N.C. 2004)).

## III. Discussion

At the outset, the Court considers, *sua sponte*, whether the present action is barred by *res judicata*. "Res judicata, or claim preclusion, bars re-litigation of any claims that were or could have been raised in a prior proceeding between the same parties." *Sartin v. Macik*, 535 F.3d 284, 287 (4th Cir. 2008). The elements of *res judicata* are: 1) a final judgment on the merits in a prior suit, 2) an identity of the cause of action in both the earlier and the later suit, and 3) an identity of parties or their privies in the two suits. *Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000). A court may dismiss an action *sua sponte*, even where *res judicata* is not raised by any party, if the court is on notice the action is barred by *res judicata*. *Arizona v. California*, 530 U.S. 392, 412 (2000).

The parties in this action are identical to the parties in *Vanderhall*, 4:14-cv-518-RMG. The cause of action also is identical—a bad faith claim against State Farm for failure to settle within policy limits. The addition in this action of a negligence claim against State Farm for failure to settle within policy limits is of no moment because it arises from the "same core of operative

facts." *Pueschel v. United States*, 369 F.3d 345, 355 (4th Cir. 2004). A final judgment on the merits was rendered and affirmed on appeal. If the prior proceedings in *Vanderhall*, 4:14-cv-518-RMG, are valid, then *res judicata* bars this action.

In those prior proceedings, however, Mr. Vanderhall was incompetent at all times yet had no appointed guardian ad litem. Under the law of this circuit, "[s]uch judgments are only voidable, on a proper showing both that the party was not properly represented and that a meritorious defense exists." *Hudnall v. Sellner*, 800 F.2d 377, 385 n.7 (4th Cir. 1986); *see also Beckley Nat'l Bank v. Boone*, 115 F.2d 513, 518 (4th Cir. 1940) ("The rule of law is well established that a judgment rendered against an insane person not represented by a guardian or committee is not on that account void; and it will not be set aside even upon direct attack on the ground of insanity alone. To set it aside there must also be shown a meritorious defense to the claim."). Where the incompetent person is the plaintiff, the rule necessarily requires that a meritorious claim exist. In other words, the meritorious claims of an unrepresented incompetent cannot be denied with prejudice.

The Court previously ruled that Mr. Vanderhall's bad faith claim against State Farm was not meritorious when it granted summary judgment for State Farm. The Court granted summary judgment for two independent and sufficient reasons. First, the August 24, 2011 settlement offer—the purported rejection of which is the basis of the bad faith claim—was a legal nullity, because Mr. Vanderhall was then in a coma. (Dkt. No. 78 at 4.) The Fourth Circuit affirmed summary judgment on that basis. Second, "[e]ven assuming Plaintiff had made a valid settlement offer," "[a] reasonable jury could not conclude that State Farm's September 1, 2011 response to Plaintiff counsel's purported offer of the August 24, 2011 constituted bad faith, and Defendant is entitled to summary judgment as a matter of law on all claims asserted by Plaintiff." *Vanderhall*, Dkt. No. 78. Because the claim that State Farm's response to Plaintiff's August 2011 settlement offer

constituted bad faith is not meritorious, *res judicata* bars raising that claim in the present action despite Mr. Vanderhall's incompetence in the prior action.

In the present case, however, Plaintiff presents a new theory of liability not previously litigated. Plaintiff claims State Farm acted in bad faith not when it responded to Plaintiff's August 2011 offer, but when it failed to seek appointment of a guardian ad litem for Mr. Vanderhall before the execution of the November 6, 2013 settlement. That new theory nonetheless is barred by *res judicata* if it *could* have been litigated in *Vanderhall*. *Pueschel v. United States*, 369 F.3d 345, 355–56 (4th Cir. 2004). Mr. Hatfield admits that he was on notice that Mr. Vanderhall might not be competent before November 6, 2013. (Dkt. No. 39-1 ¶ 10.) Mr. Hatfield, therefore, certainly could have raised this argument after November 6, 2013 and before the Court granted summary judgment on March 30, 2015. In the Court's view, however, his failure to raise the issue cannot be imputed to Mr. Vanderhall because Mr. Hatfield did not have actual authority to act for Mr. Vanderhall until Mr. Vanderhall's guardian ad litem retained Mr. Hatfield, presumably shortly after the June 14, 2016 appointment order. The Court therefore holds *res judicata* does not preclude the claim raised in the present action and proceeds to consider the merits of the claim.

The Court finds no merit in Plaintiff's claim that State Farm breached any duty of care owed to its insured when it did not investigate Mr. Vanderhall's capacity to contract or seek appointment of a guardian ad litem for him. Under South Carolina law, a litigant has no legal duty in negligence or other tort doctrine to inquire into the competence of an adverse party. South Carolina squarely places responsibility for seeking appointment of a guardian ad litem on that party's counsel. Rule 1.14, RPC, Rule 407, SCACR. To require otherwise would be to require an independent evaluation of every party to a settlement to confirm the competence of the contracting party. That is not the customary practice in litigation, and it would impose an impracticable burden

on litigants. Information about the present mental competency of a party in litigation is uniquely available for assessment by a party's counsel, and opposing counsel (or an opposing party's insurer) under normal circumstances would not have routine access to that information without a court-ordered independent medical or psychological evaluation. To hold that a party's insurer has an affirmative duty to assess the opposing party's competence and to move in appropriate cases for the appointment of a guardian ad litem—where the opposing party's own lawyer has determined that a guardian ad litem appointment is unnecessary—effectively would impose a duty to have every party to settlement first undergo a psychological evaluation. That proposition is without precedent, contrary to existing law that places that duty on a party's counsel, and unworkable in practice. Thus, in the absence of a showing that an opposing party's insurer or counsel had access to information about the opposing party's competence unavailable to his own counsel,[1] the law places no duty on an opposing party's counsel or carrier to seek the appointment of a guardian ad litem.

Mr. Hatfield implicitly represented to the state court that Mr. Vanderhall was competent to sue when he filed suit in Mr. Vanderhall's name. (Dkt. No. 38 at 13.) He explicitly represented to the Fourth Circuit that Mr. Vanderhall was competent. As a matter of law, State Farm was entitled to rely on those representations. *See, e.g., Md. Nat'l Bank v. Resolution Tr. Corp.*, 895 F. Supp. 762, 773 (D. Md. 1995) ("A party entering into a settlement agreement is entitled to rely upon the direct representations made by an adversary in a court of law to a judge.") The extent to which those representations were inaccurate and thereby harmed Mr. Vanderhall (personally or as

---

[1] In the unlikely circumstance where an opposing party has information about an opposing party's competence not available to the party's own counsel, the duty of candor toward the tribunal may impose a duty to report that information to the Court. *See* Rule 3.3, RPC, Rule 407, SCACR.

assignee of Mr. Washington and Ms. Ford) is a concern between Mr. Vanderhall, his guardian, and Mr. Hatfield.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. No. 20) and **GRANTS** Defendant's motion for judgment on the pleadings.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October _17_, 2017
Charleston, South Carolina